**Anahit DAVTIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–73960.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., Margot L. Nadel, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Anahit Davtian, a native and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, see *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny the petition for review.

Davtian, whose mother is from Azerbaijan, testified that she feared returning to Armenia because of persecution of Armenians of Azerbaijani descent. Yet, she acknowledged that after she allegedly fled Yerevan, Armenia's capital, in December 1991, she returned there for months-long visits on at least three occasions between 1992 and 1994, without incident.[1] Davtian also testified that she held an important position at a government-run academic institution in Yerevan, yet she did not claim that she lost her job or suffered any on-the-job mistreatment as a result of her ethnic heritage. The IJ's adverse credibility finding is therefore supported by substantial evidence.[2] *See Berroteran–Melendez v. INS,* 955 F.2d 1251, 1257–58 (9th Cir.1992) (denying petition for review for failure to present credible testimony demonstrating a genuine subjective fear of persecution).

In the absence of credible testimony, Davtian failed to establish eligibility for asylum, withholding of removal, or relief under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

cia is entitled to qualified immunity for his actions.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Davtian came to the United States in September 1995. On her asylum application, she listed Yerevan as her last address prior to her arrival.

2. Contrary to Davtian's contention, the IJ expressly found her ineligible for asylum "because of her lack of credibility."